FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 APR 11 PH 6: 43

AT ...........
BY_____ _CEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WHITNEY DAVIS

    *Plaintiff,*

    v.

UHH WEE, WE CARE INC. D/B/A UHH
WEE WE CARE ASSISTED LIVING,
ET AL.

    *Defendants.*

Civil Action No. ELH-17-494

## MEMORANDUM

Plaintiffs Whitney Greene Davis and Michael Chapman filed a collective action against Uhh Wee, We Care Inc., d/b/a Uhh Wee We Care Assisted Living ("Uhh Wee"); Uhh Wee, We Care Transportation, Inc. d/b/a Uhh Wee We Care Assisted Living ("Uhh Wee Transportation"); and Edwina Murray. *See* ECF 1 ("Complaint").[1] They asserted wage and overtime claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-501 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage and Hour Law ("MWHL"), L.E. §§ 3-401 *et seq.*

On June 29, 2017, Aaron Turner, Esq., counsel for defendants, filed a "Motion to Withdraw Appearance" (ECF 17), stating that he had been discharged by Murray. *Id.* ¶ 3. By Order of that same date (ECF 18), I granted the motion to withdraw.

---

[1] The suit was filed in the name of Whitney Greene. By Order of April 20, 2018 (ECF 45), I granted the parties' "Consent Motion to Amend Case Caption" (ECF 44), so as to reflect that Greene had married and changed her surname to Davis.

By Order of March 5, 2018 (ECF 39), I granted Chapman's motion to dismiss him from the case. ECF 31; ECF 33.

Thereafter, on August 2, 2017, Kenneth Gauvey entered his appearance on behalf of the defendants. ECF 26. By Order of August 28, 2018 (ECF 50), while defendants were represented, the Court ordered defendants to provide plaintiff, by September 27, 2018, "with the names and all contact information within defendants' possession, custody, or control, of every other care provider—regardless of whether they are independent contractors or employees of any third party—who worked at least one weekend at any of defendants' group homes at any time from February 17, 2014, through June 30, 2017."

On October 10, 2018, after defendants failed to comply with the Order of August 28, 2018 (ECF 50), plaintiff filed a motion for sanctions and attorney's fees. ECF 52. That motion is pending.

Soon after, on October 23, 2018, Gauvey filed a "Motion to Withdraw as Attorney" (ECF 53), citing unspecified "issues and causes." *Id.* ¶¶ 1-2. By Order of that same date (ECF 56), I granted his motion to withdraw. Then, on December 17, 2018, I denied Murray's request for court-appointed counsel. ECF 58; ECF 59. Moreover, the Court advised Ms. Murray that Uhh Wee and Uhh Wee Transporation, as corporations, "may only appear through counsel." ECF 59 at 2. But, she was also told that she may represent herself. *Id.*; *see also* ECF 19 (Clerk advisement of June 29, 2017); ECF 57 (Clerk advisement of October 23, 2018).

No lawyer entered an appearance for the corporate defendants. Accordingly, on January 28, 2019, plaintiff filed a motion for Clerk's entry of default (ECF 61) as to defendants Uhh Wee and Uhh Wee Transportation. On February 1, 2019, the Clerk entered a default as to both entities. ECF 64. On February 5, 2019, Ms. Murray opposed the Clerk's entry of default as to the entity defendants. ECF 67. However, Ms. Murray may not act as counsel for the entity defendants. *See Roland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993) ("[It] has been the law for the better part

of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

Ms. Murray has had seven months to provide the names and contact information that are the subject of my Order of August 28, 2018 (ECF 50). Accordingly, by May 1, 2019, Ms. Murray shall comply with the Order of August 28, 2018. If she fails to comply without good cause, the Court shall impose sanctions on her.

I turn to plaintiffs "Request to Modify the Amended Scheduling Order" (ECF 62), filed on January 28, 2019. It was prompted by my decision to modify the Scheduling Order on January 15, 2019, because it had become stale, under the circumstances. *See* ECF 60 (Amended Scheduling Order); ECF 13 (Scheduling Order).

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Plaintiff claims that she will not seek conditional certification. ECF 62, ¶ 5. Therefore, plaintiff asks the Court to delete the reference in the Amended Scheduling Order to a motion for conditional certification. *Id.* ¶ 6. Because time for conditional certification will not be needed, the Court shall grant the Request to Modify the Amended Scheduling Order.

Plaintiff also seeks a discovery deadline of "90 days following Defendants' production of the information ordered to be produced in the Court's Order of August 28, 2018." *Id.* The request is reasonable and shall be granted.

Ms. Murray has filed a Motion for the Appointment of Counsel (ECF 63) and a Motion for Delay of Amending Scheduling Orders (ECF 66), on behalf of Uhh Wee. As explained, Ms. Murray cannot act as counsel for the entity defendants. Accordingly, I shall treat both motions as if Ms. Murray had filed them solely on her own behalf.

In her Motion for the Appointment of Counsel, Ms. Murray maintains that she needs legal representation to present her case. ECF 63. As I explained in the Order of December 17, 2018, I see no basis to appoint counsel for Ms. Murray. She claims to be indigent. *Id.* But, indigency itself is not sufficient. Ms. Murray has demonstrated the wherewithal to articulate the legal and factual basis of her claims for herself. Further, there are no exceptional circumstances that would warrant the appointment of an attorney to represent her under 28 U.S.C. § 1915(e)(1), which provides that a federal district court "may request an attorney to represent any person unable to afford counsel." Accordingly, I shall deny her request for counsel.[2]

The Motion for Delay of Amending Scheduling Orders is also unavailing. Yet again, Ms. Murray seeks appointment of counsel. ECF 66. Additionally, she seeks "a delay in submitting Scheduling Orders" because she must "proceed without the benefit of legal assistance." *Id.* Ms. Murray has had several months to obtain counsel and produce the required documents. Ms. Murray has not shown good cause for delaying the Amended Scheduling Order, and I shall therefore deny her motion.

For the reasons set forth above, I shall deny Ms. Murray's motion to appoint counsel (ECF 63) and "Motion for Delay of Amending Scheduling Orders." ECF 66. I shall defer ruling on plaintiff's motion for sanctions. ECF 52. But, I shall grant plaintiff's motion to modify the Amended Scheduling Order. ECF 62.

An Order follows, consistent with this Memorandum.

Date: April 11, 2019             _____/s/_____

                                               Ellen L. Hollander
                                               United States District Judge

---

[2] In the event of a settlement conference with a magistrate judge, I will consider the appointment of pro bono counsel on behalf of Ms. Murray, for the limited purpose of assisting in settlement negotiations.