IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WHITNEY DAVIS, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No.: SAG-17-494 |
| UHH WEE, WE CARE INC., et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Currently pending is Plaintiffs' Whitney Davis, Octavia Parker, LaShonda Dixon, Stephanie Crawford, and Jamar Kennedy (collectively, "plaintiffs") Motion for Attorneys' Fees and Costs Associated with Plaintiffs' Emergency Motion for a Protective Order and to Compel Deposition Testimony ("Motion") (ECF No. 104), defendant Edwina Murray's ("defendant") Opposition to Legal Fees ("Opposition") (ECF No. 110), and Plaintiffs' Reply to Defendant Murray's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs Associated with Plaintiffs' Emergency Motion for a Protective Order and to Compel Deposition Testimony ("Reply") (ECF No. 111). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiffs' Motion (ECF No. 104) is granted in part and denied in part.

## I.     BACKGROUND

On January 22, 2020, plaintiffs filed an Emergency Motion for a Protective Order and to Compel Deposition Testimony ("Emergency Motion") (ECF No. 99), seeking an order (i) prohibiting anyone who is not defendant's attorney of record from attending defendant's continued deposition; (ii) compelling defendant's testimony on issues within the scope of discovery including ownership of the three assisted living facilities at issue in this case; and (iii) authorizing plaintiffs to request attorneys' fees and costs associated with their Emergency Motion. (ECF No. 99 at 6). The undersigned granted plaintiffs' Emergency Motion and ordered that, within 14 days, plaintiffs could file a request for reasonable attorneys' fees and costs associated with their Emergency Motion. (ECF No. 100). In their Motion, plaintiffs request that defendant Murray be ordered to pay the attorneys' fees and costs they incurred in filing their Emergency Motion. (ECF No. 104 at 1).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a) provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). The rule also provides, however, that the court must not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

"Generally, 'a party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion.'" Kemp v. Harris, 263 F.R.D. 293, 296 (D. Md. 2009) (quoting Peterson v. Hantman, 227 F.R.D. 13, 16 (D.D.C. 2005)). "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, Vollert v. Summa Corp., 389 F. Supp. 1348, 1352 (D. Haw. 1975), or even engaging in a legitimate dispute over the sequence of discovery, Technitrol, Inc. v. Digital Equipment Corp., 62 F.R.D. 91, 93 (N.D. Ill. 1973)." Id. at 296–97. The party must, however, adequately establish that it was substantially justified in its actions. Id. at 297 (citing Humphreys Exterminating Co. v. Poulter, 62 F.R.D. 392, 394 (D. Md. 1974) (noting a party's failure to explain its inaction did not constitute "substantial justification")).

If the court awards the movant's reasonable expenses, including attorney's fees, the court must the determine the amount to award in attorney's fees. Murrill v. Merritt, No., Civil No. DKC-17-2255, 2020 WL 1914804, at *2 (D. Md. Apr. 20, 2020). Attorney's fees are calculated by determining the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." Grissom v. The Mills Corp., 549 F.3d 313, 320–21 (4th Cir. 2008). The court considers the following factors when determining the reasonableness of the requested hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional

relationship between attorney and client; and (12) attorneys' fees awards in
        similar cases.

Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir.1978) (adopting the factors specified by Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). A court is not required to evaluate all twelve Johnson factors in its examination. Murrill, 2020 WL 1914804, at *3.

### III. DISCUSSION

Plaintiffs argue that defendant was unjustified in her refusal to answer "relevant and appropriate" deposition questions and by allowing an "impermissible" person to accompany her to her deposition. (ECF No. 104 at 4). Moreover, plaintiffs argue that they made good faith efforts to resolve the discovery dispute without court intervention. (Id. at 2). Specifically, plaintiffs assert that they emailed defendant on January 16, 2020 and called defendant on January 17, 2020 in an effort to resolve the issues regarding defendant's refusal to testify about the ownership of the three assisted living facilities at issue in this case and who may accompany defendant to her continued deposition. (Id.) Plaintiffs maintain that defendant did not respond to the January 16, 2020 email and, during a telephone conference, refused to postpone her continued deposition. (Id. at 4). Plaintiffs state that during the telephone conference, they asked defendant to continue her deposition so that plaintiffs would not incur extra fees for an expedited deposition transcript to support their Emergency Motion, but defendant "refused, and called the request 'bullshit.'" (Id. at 2). In response, defendant argues that plaintiffs' Emergency Motion lacked merit because the individual who accompanied defendant to the deposition did not intend to attend defendant's continued deposition. (ECF No. 110 at 3). Further, defendant argues that she provided plaintiffs' counsel with answers to his deposition questions, "to the best of her

knowledge." (Id. at 4). Defendant maintains, for example, that she stated that she did not know who purchased the properties in question because she did not conduct the sales and she does not have direct business dealings with the owners. (Id.)

Because I granted plaintiffs' Emergency Motion, (ECF No. 100), I must require defendant to pay reasonable attorneys' fees and expenses unless, as noted above, plaintiffs "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Here, pursuant to Local Rule 104.8, plaintiffs filed a certificate of their good faith effort to resolve the discovery dispute without court action. (ECF No. 99 at 6; Loc. R. 104.8(c)). Plaintiffs certified that the parties conferred by phone and were unable to resolve their dispute. (Id. at 4, 12). Moreover, defendant's objection to plaintiffs' deposition questions was not "substantially justified" because defendant failed to "mak[e] meritorious objections to [the] requested discovery," Vollert, 389 F. Supp. at 1352, nor did defendant "sufficiently argue that [she] was substantially justified in [her] actions." Humphreys, 62 F.R.D. at 394. Further, there are no other circumstances present that would make an award of expenses unjust. See PRA Fin. Servs., LLC v. AutoTrakk, LLC, Civil No. 2:17-392, 2018 WL 1472490, at *3 (E.D. Va. Mar. 26, 2018) (finding that there were no circumstances that would render an award of fees unjust because the parties were not equally culpable). Accordingly, I conclude that plaintiffs are entitled to reasonable attorneys' fees and costs under Rule 37(a)(5)(A).

Plaintiffs seek attorneys' fees for drafting the Emergency Motion and costs associated with the January 16, 2020 deposition because defendant's "misconduct required that her deposition be continued and that [p]laintiffs obtain a deposition transcript to support the

Emergency Motion." (ECF No. 104 at 4). Plaintiffs seek $1,395 in attorneys' fees for 6.2 hours of work billed at an hourly rate of $225 in preparing the Emergency Motion. (Id.) Plaintiffs' counsel, Mr. Rodwin, has been practicing law for eight years, (ECF No. 104-2 at 1), and the presumptively reasonable range of hourly rates for attorneys admitted to the bar five (5) to eight (8) years is $165–$300. Loc. R. App. B (D. Md. 2018). Accordingly, I conclude the hourly rate of $225 is reasonable.

The court will examine Johnson factors one, two, and three to determine the reasonableness of hours Mr. Rodwin expended on preparing the Emergency Motion. Uche v. Montgomery Hospice, Inc., Civil No. ELH-13-878, 2014 WL 5382335, at *3 (D. Md. Oct. 21, 2014) (stating that the most relevant Johnson factors when ruling on an award for a discovery dispute "may be the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys" (internal quotations omitted)). Mr. Rodwin submitted a declaration in which he states that he "spent 6.2 hours researching, writing, and editing the Emergency Motion." (ECF No. 104 at 4). Mr. Rodwin did not, however, submit a detailed record of the hours expended and the nature of the work done. Chu v. Great N. Ins. Co., Civil No. RWT-10-1422, 2014 WL 3810590, at *3 (D. Md. July 31, 2014) (stating that the party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks"). As a result the court is left to guess as to how Mr. Rodwin's time was allocated. Moreover, Mr. Rodwin has not alleged that any issues raised in the Emergency Motion were particularly novel or difficult or that the Emergency Motion required any skills or expertise out of the ordinary. Rather, plaintiffs' Emergency Motion totaled six pages and contained few legal

case citations. As a result, I conclude that expending four hours for plaintiffs' Emergency Motion is reasonable. Accordingly, I conclude that attorneys' fees in the amount of $900 are reasonable and should be approved.[1]

Plaintiffs also seek $1,177.88 in costs associated with the January 16, 2020 deposition. (ECF No. 104 at 4). Specifically, plaintiffs seek: (1) $585.60 for transcript services; (2) $431.68 for an expedited transcript fee; (3) $93.60 for exhibit management; (4) $45.00 for delivery and handling; and (5) $22 for expenses. (ECF No. 104-3). Normally, plaintiffs would incur the costs of a deposition, but here the January 16, 2020 deposition was largely futile. Further, the costs for an expedited transcript were only necessitated because defendant would not agree to postpone her continued deposition. Because defendant's actions caused her deposition to be useless and required the deposition to be continued, I find it appropriate to award costs associated with the January 16, 2020 deposition. Moreover, because defendant's refusal to postpone her continued deposition caused plaintiffs to incur expedited fees to support their Emergency Motion, I find it appropriate to award plaintiffs these expedited fees. Accordingly, I conclude that plaintiffs are entitled to recover $1,177.88 costs.

---

[1] The court notes that Judge Hollander previously sanctioned defendant by an award of attorneys' fees in the amount of $2,921.50 for defendant's failure to comply with the court's discovery orders to produce the "names and contact information of every care provider who worked at least one weekend at any of defendants' group homes between February 17, 2014 and June 2017." (ECF No. 79 at 18, 23). The court extended that deadline three times over the course of two years, during which time defendant produced one name, but without an address. (Id. at 18). The day before defendant's show cause hearing, defendant provided an address for the previously named individual, along with two other names, but she omitted the names of two managers who occasionally worked weekend shifts. (Id.)

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' Motion (ECF No. 104) is GRANTED in part and DENIED in part. A separate order will be issued.

May 27, 2020                                                /s/
                                                          Beth P. Gesner
                                                          Chief United States Magistrate Judge