IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WHITNEY DAVIS, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Case No. SAG-17-494 |
| UHH WEE, WE CARE INC., *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses the Motion for Default Judgment ("the Motion"), ECF 132, filed by Plaintiffs Whitney Davis, Octavia Parker, Lashonda Dixon, and Stephanie Crawford against the Defendants Uhh Wee, We Care Inc.; Uhh Wee, We Care Transportation Inc.; and Edwina Murray (collectively "Defendants"). The Defendants have not filed an opposition, and their deadline has now passed. I have reviewed the Motion and its accompanying exhibits. No hearing is necessary. Local Rule 105.6 (D. Md. 2018). For the reasons discussed below, the Motion will be GRANTED and judgment will be entered as described below.

The factual and procedural background of this case is described in detail in the Motion and in this Court's recent memorandum opinion of September 18, 2020, ECF 130. In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2008) ("[L]iability is not deemed established

simply because of the default . . . [and] the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."). If the court determines that a plaintiff's allegations support a cause of action and establish liability, the court must then determine if the allegations support the relief sought. *Ryan*, 253 F.3d at 780.

For the reasons addressed in Plaintiffs' Memorandum in support of the Motion, ECF 132-1, the allegations in their Complaint, taken as true, support their causes of action and establish liability. This Court, then, has focused on the requested relief. Because Plaintiffs provided sufficient evidentiary basis for their requested wage compensation, no hearing is necessary. *See* ECF 132-3, 132-4, 132-5, 132-6, 132-8. The method of calculating damages, including treble damages pursuant to the Maryland Wage Payment and Collection Law, is correct, because Plaintiffs have adduced evidence of consequential damages, and Defendants have produced no evidence suggesting a bona fide dispute. *See* ECF 132-8; *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 658 (2014).

Similarly, the calculation of compensatory damages for Plaintiff Davis's wrongful termination, which is premised on the amount of wages she missed as a result of the termination, is reasonable and will be adopted by the Court. *See Atholwood Dev. Co. v. Houston*, 179 Md. 441, 446 (1941) (describing the "general rule" that "a wrongfully discharged employee is entitled to recover damages to the extent of the stipulated salary for the stipulated period, less the amount he actually earned during the period, or the amount he might have earned after his discharge by the exercise of reasonable diligence in seeking other employment in the same or similar business"); *Lemlich v. Bd. of Trs. of Harford Cmty. Coll.*, 282 Md. 495, 505 (1978). A punitive damage award, designed "to punish the wrongdoer and deter such conduct by the wrongdoer or others in the future," *Caldor, Inc. v. Bowden*, 330 Md. 632, 661 (1993), is also appropriate. The evidence Davis

submitted establishes that Defendants required her to seek a medical certification that was not legally required to maintain her dispatcher position, then terminated her when she could not obtain the certification, and disseminated information to others about her severe depression, calling her "crazy."  ECF 132-3 at ¶¶ 8-12; ECF 132-7 at 69-70.  The requested award of $10,100 in punitive damages is reasonable under the circumstances.  *See Hoffman v. Stamper*, 385 Md. 1 (2005) ("What is needed to support an award of punitive damages is conscious and deliberate wrongdoing.").

Davis also requests an incentive award for her role as representative plaintiff.  The Fourth Circuit has recognized the prevalence of such payments in class actions generally.  *See Berry v. Schulman*, 807 F.3d 600, 613 (4th Cir. 2015) (noting incentive awards are "fairly typical").  Similarly, incentive awards are often appropriate in Fair Labor Standards Act ("FLSA") collective actions.  *See, e.g.*, *Leigh v. Bottling Grp., LLC*, No. DKC 10-0218, 2012 WL 460468, at *7 (D. Md. 2012) (concluding the goals of the FLSA are served "by providing a modest incentive" to lead plaintiffs who personally invest significantly in a case); *Stone v. SRA Int'l, Inc.*, No. 2:14cv209, 2015 WL 12748271, at *4 (E.D. Va. Mar. 20, 2015).  The amount requested, however, $5,000.00, represents roughly 15% of the total damages ($33,115.18) awarded to the four FLSA plaintiffs in this case.  An incentive award in that high percentage is excessive, even recognizing the length of time this litigation has been pending.  *E.g.*, *Leigh*, 2012 WL 460468, at *7 (approving an incentive award of less than one and one-half percent of the total settlement fund).  Accordingly, this Court will approve an incentive award to Davis in the amount of 5% of the total damages awarded, or $1,656.25.

Lastly, Plaintiffs' counsel seek an award of attorneys' fees and costs.  They have submitted an exhibit consisting of the affidavit of their attorney, Sally Dworak-Fisher, Esq., and detailed

billing records. ECF 132-9. Initially, the costs sought, in the amount of $2,562.00, are reasonable and will be awarded in full. *Id.* As to the attorneys' fees, the time records reflect a total of $55,156.50 in billed time, after subtracting fees relating to prior fee awards in this case. *Id.* Plaintiffs voluntarily reduced the bill by 5%, and seek an award of $52,398.68. *Id.* This Court has reviewed the billing statements in detail, and has found a small number of instances in which counsel billed for more than one attorney at an intra-office conference, meeting, or deposition, in contravention of this Court's Guidelines Regarding Compensable and Non-Compensable Time. *See* Appendix B to Loc. R. at ¶ 2. The total billing attributable to those instances, $1,936.00, is less than the 5% discount self-imposed by Plaintiffs. Accordingly, this Court finds that the requested amount of attorneys' fees, $52,398.68, is fair and reasonable in the circumstances of this case, and will order the award accordingly.

For the reasons set forth above, Plaintiffs' Motion for Default Judgment will be GRANTED, and judgment will be entered according to this Memorandum Opinion in favor of Plaintiffs against Defendants.

Dated: November 17, 2020   /s/
Stephanie A. Gallagher
United States District Judge